UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| RAYMOND IRVIN, ) | |
| ) | |
| Plaintiff, ) | Case No. EDCV 11-23 AJW |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF DECISION |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for disability insurance benefits and supplemental security income ("SSI") benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

The parties are familiar with the procedural facts, which are summarized in the joint stipulation. [See JS 2-3]. In a February 24, 2010 written hearing decision that constitutes the final decision of the Commissioner, an administrative law judge ("ALJ") found that plaintiff, who was then 54 years old, retained the residual functional capacity ("RFC") to perform medium work that did not involve more than occasional balancing. The ALJ concluded that plaintiff was not disabled because his RFC did not preclude him from performing his past relevant work as an automotive mechanic as generally performed. [See JS 2;

1  Administrative Record ("AR") 11-18, 80].

**Standard of Review**

3  The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Stout v. Comm'r Social Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)(internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Soc. Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999)).

**Discussion**

**Medical opinion evidence**

Plaintiff contends that the ALJ committed legal error by implicitly rejecting part of the Commissioner's consultative examining physician's opinion in favor of the conflicting opinion of a non-examining physician.

The ALJ must provide clear and convincing reasons, supported by substantial evidence in the record, for rejecting an uncontroverted treating source opinion. If contradicted by that of another doctor, a treating or examining source opinion may be rejected for specific and legitimate reasons that are based on substantial evidence in the record. Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); Tonapetyan v. Halter, 242 F.3d 1144, 1148-1149 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830-831 (9th Cir. 1995). The opinion of a non-examining physician normally is entitled to less deference than that of an examining and treating physician precisely because a non-examining source does not have the opportunity to conduct an independent examination and does not have a treatment relationship with the claimant. See Andrews v. Shalala, 53 F.3d 1035, 1040-1041 (9th Cir. 1995).

Payam Moazzaz, M.D., conducted a complete orthopedic evaluation on October 21, 2008. [AR 182-

186]. He elicited a history and performed an orthopedic examination and a neurological examination. Dr. Moazzaz diagnosed hypertension and "muscle cramping involving the bilateral lower and upper extremities." [AR 185]. In his functional assessment, Dr. Moazzaz noted that plaintiff complained of cramping and abnormal sensation in his arms and legs, but that "[f]rom an orthopedic standpoint, he has an essentially unremarkable examination of the lumbar spine and a normal neurologic test." [AR 185]. Dr. Moazzaz did not "feel strongly that [plaintiff's] symptoms are coming from the lumbar spine." [AR 185]. He noted that plaintiff had a "history of hypertension" that "could certainly be contributing as he has pitting edema[1] in the bilateral lower extremities." [AR 185 (footnote added)].

Dr. Moazzaz opined that plaintiff could lift or carry fifty pounds occasionally and twenty-five pounds frequently; stand and walk up to six hours in an eight-hour work day; and sit up to six hours in an eight-hour work day. [AR 185-186]. He added that plaintiff "may alternate sitting with standing for every [sic] two hours to alleviate his pain or discomfort." [AR 185]. Dr. Moazzaz also concluded that plaintiff could climb, stoop, kneel, and crouch frequently, and that he had no restrictions in performing overhead activities or in using his hands for fine and gross manipulation. [AR 186].

The non-examining state agency physician, Pamela Ombres, M.D., assessed plaintiff's RFC on November 5, 2008. [AR 187-193]. Dr. Ombres said that she agreed with Dr. Moazzaz. On an RFC assessment form, Dr. Ombres indicated that plaintiff could lift or carry fifty pounds occasionally and twenty-five pounds frequently; stand and walk up to six hours in an eight-hour work day; sit up to six hours in an eight-hour work day; climb, stoop, kneel, crouch, and crawl frequently; and that plaintiff had no restrictions in performing overhead activities or in using his hands for fine and gross manipulation. [AR 186]. Dr. Ombres's opinion differed from that of Dr. Moazzaz in that she assessed a limitation to occasional balancing, and she did not mention a sit-stand option. [AR 188-191].

The ALJ said that he gave "great weight" to Dr. Moazzaz's opinion, M.D., but that he gave "greatest weight" to the opinion of Dr. Ombres, whose functional assessment the ALJ adopted. [AR 14, 17].

The ALJ implicitly rejected one aspect of Dr. Moazzaz's opinion, the limitation involving alternating

---

[1] Pitting edema is edema (swelling due to an accumulation of fluid in cells or intercellular tissues) that retains for a time the indentation produced by pressure. Stedman's Medical Dictionary edema (27th ed. 2000).

3

sitting and standing, in favor of the conflicting opinion of Dr. Ombres. In the circumstances of this case, the ALJ's failure to articulate specific reasons for rejecting that single limitation in Dr. Moazzaz's opinion is not legal error.

Dr. Moazzaz did not have any medical records for review, and his own examination revealed no significant orthopedic or neurological deficits. Accordingly, Dr. Moazzaz's suggestion that plaintiff "*may* alternate sitting with standing for every [sic] two hours *to alleviate his pain or discomfort*" was not based on any medically determinable orthopedic or neurological impairment. Instead, it appears to have been an attempt to account for subjective symptoms that Dr. Moazzaz suspected might be attributable to hypertension.

Dr. Ombres, on the other hand, "had the opportunity to review the claimant's entire record and adequately considered the claimant's subjective complaints and objective treatment records." [AR 17]. See Thomas, 278 F.3d at 957 ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record."). Furthermore, the ALJ found that plaintiff's hypertension was *not* a severe impairment, which by definition means that it had no more than a minimal effect on plaintiff's ability to perform basic work activities. [See AR 12, 13-16]. See 20 C.F.R. §§ 404.1521 (a), 416.921(a); Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2006). Plaintiff does not challenge that determination. The ALJ also evaluated the credibility of plaintiff's subjective complaints, and he found those complaints not credible to the extent that they were inconsistent with his RFC finding, which did not include Dr. Moazzaz's sit-stand option. [AR 16]. Plaintiff does not challenge the ALJ's credibility determination. Those findings deprive Dr. Moazzaz's proposed sit-stand option of the necessary factual and legal foundation in the record. Along with the ALJ's rationale for giving greater weight to Dr. Ombre's opinion, the ALJ's severity and credibility findings also adequately support his evaluation of the medical source opinions.

The ALJ did not err in rejecting Dr. Moazzaz's opinion with respect to the sit-stand limitation and in adopting his opinion in other respects.[2]

---

[2] This conclusion makes it unnecessary to consider plaintiff's remaining contentions, which are cumulative.

**Conclusion**

The ALJ's decision is supported by substantial evidence in the record as a whole and is free of legal error. Accordingly, the Commissioner's decision is **affirmed**.

**IT IS SO ORDERED.**

March 14, 2012

_____
ANDREW J. WISTRICH
United States Magistrate Judge